IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                      No. CIV S-07-0579 LKK GGH P

    vs.

HIGH DESERT STATE PRISON, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

                            /

I. Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Koller's July 2, 2008, motion to dismiss for failure to exhaust administrative remedies. After carefully reviewing the record, the court recommends that defendant's motion be granted.

II. Plaintiff's Claims

        This action is proceeding on the third amended complaint filed December 21, 2007, as to defendants Judd and Koller.[1] Defendant Judd has not yet been served.

---

[1] The claims against the other defendants named in the third amended complaint were dismissed on April 8, 2008.

1

1  Plaintiff alleges that on or around April 15, 2007, he bought instant Folger's
2  Coffee Crystals at the prison canteen.  Plaintiff received the coffee in a brown paper bag.  After
3  drinking the instant coffee, plaintiff had pain in his legs and groin.  Plaintiff alleges that prison
4  officials tampered with the coffee.

5  III.  <u>Administrative Remedies</u>

6  Defendant argues that plaintiff failed to exhaust his administrative remedies.

7  42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to
8  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
9  any jail, prison, or other correctional facility until such administrative remedies as are available
10  are exhausted."  In order for California prisoners to exhaust administrative remedies, they must
11  proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written
12  appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or
13  designee, and 4) third level appeal to the Director of the California Department of Corrections.
14  <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
15  3084.5).  A final decision from the Director's level of review satisfies the exhaustion
16  requirement.  <u>Id</u>. at 1237-38.

17  However, if the subject of the prisoner's complaint is a "staff complaint," such
18  does not proceed through the ususal grievance procedures.  The remedy for such a complaint is
19  that CDCR initiate an investigation.  An inmate can receive no other relief at that time regarding
20  the staff complaint.  <u>Brown v. Valoff</u>, 422 F.3d 926, 937-938 (9th Cir. 2005) (not cited in
21  defendants' motion).  If relief other than is available for a staff complaint is sought, e.g., be
22  housed in protective custody, be single celled etc., then the regular three level appeal process
23  must be exhausted as for that relief.  <u>Id</u> at 938.  If on a staff complaint, a request is granted or
24  partially granted, i.e., an investigation is ordered, the inmate has exhausted all available remedies
25  for the staff complaint.  <u>Id</u>. at 937-938.
26  /////

1  In <u>Booth v. Churner</u>, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
2  must exhaust administrative remedies, regardless of the relief offered through administrative
3  procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely
4  exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be
5  brought with respect to prison conditions *until* such administrative remedies as are available are
6  exhausted.  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

7  Defendant contends that plaintiff filed no administrative appeals regarding
8  contaminated coffee.  <u>See</u> Motion to Dismiss, Exhibit A, Declaration of M. Dangler, Appeals
9  Coordinator at High Desert State Prison.  In January 3, 2007, plaintiff filed grievance no. HDSP
10 07-0907 alleging that food staff had engaged in racial discrimination and that the food was
11 substandard in quality and quantity.  Motion to Dismiss, Exhibits A-1, A-2, A-3.  This appeal did
12 not contain plaintiff's claim regarding contaminated coffee.

13 In his opposition filed July 24, 2008, plaintiff suggests that prison officials
14 tampered with his coffee in retaliation for pursuing appeal no. 07-0907.  Plaintiff also may be
15 arguing that appeal no. 07-0907 administratively exhausted the claims raised in this action.

16 It is clear that appeal no. 07-0907 did not raise the claim that plaintiff fell ill after
17 drinking instant coffee tampered with by prison officials.  If prison officials tampered with
18 plaintiff's coffee in retaliation for filing 07-0907, plaintiff was still required to exhaust his
19 administrative remedies as to this claim.  Accordingly, the court finds that plaintiff has failed to
20 exhaust his administrative remedies.  Defendant's motion to dismiss should be granted.

21 IT IS HEREBY RECOMMENDED that defendant Koller's July 2, 2008, motion
22 to dismiss be granted.

23 These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/21/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

mill579.mtd