IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

      Plaintiff,                    No. CIV S-07-0579 LKK GGH P

   vs.

HIGH DESERT STATE PRISON, et al.,

      Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Filce's March 30, 2009, motion to dismiss on grounds that the claims against her have not been administratively exhausted. For the following reasons, the court recommends that defendant's motion be granted.

        This action is proceeding on the third amended complaint filed December 21, 2007. The court ordered service of defendants Filce, aka Judd, and Koller. The claims against these defendants are identical: on April 15, 2007, plaintiff bought instant Folger's Coffee Crystals at the prison canteen. Plaintiff received the coffee in a brown paper bag. After drinking the instant coffee, plaintiff had pains in his legs and groin. Plaintiff alleges that defendants tampered with the coffee.

/////

1

1          42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

On November 12, 2008, the court granted defendant Koller's motion to dismiss on grounds that the claims raised against him were not administratively exhausted. The court found that plaintiff had filed no administrative appeals regarding contaminated coffee.

In the pending motion, defendant Filce argues that because the court has already found that plaintiff failed to exhaust administrative remedies regarding the claim raised in this action, that ruling constitutes law of the case.

"Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in an identical case." Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990). While application of the doctrine is discretionary, three situations exist in which it is appropriate to reconsider a previously decided issue: "(1) the first decision was clearly erroneous or would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand was substantially different." Id.

The court agrees that under the law of the case doctrine, it may not reconsider the issue of administrative exhaustion as it has already found that plaintiff failed to exhaust the claims raised in this action. This decision was not clearly erroneous and nor did it result in

1 manifest injustice. There has been no applicable intervening change in the law since the court
2 issued the November 12, 2008, decision. In addition, the evidence before the court is not
3 substantially different than when it considered defendant Koller's motion to dismiss.
4 Accordingly, pursuant to the law of the case, the court recommends that defendant Filce's motion
5 to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Filce's motion to dismiss (no. 83) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

mill579.mtd